**********
The Full Commission has reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Gillen, and the briefs and oral argument before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission AFFIRMS IN PART and REVERSES IN PART the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award. *Page 2 
 **********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On January 7, 2005, an employee-employer relationship existed between Douglas Reynolds (hereinafter "decedent") and defendant-employer.
3. On January 7, 2005, Nationwide Insurance was the carrier on the risk.
4. On January 7, 2005, decedent's average weekly wage was $315.51, which yields a compensation rate of $209.68.
5. Sharon Reynolds is the surviving widow of decedent. At the time of decedent's death, decedent and Sharon Reynolds were living together as husband and wife, and Sharon Reynolds was dependent on decedent for support.
6. On January 7, 2005, while performing work duties for defendant-employer, decedent was burned over 56% of his body in a chemical explosion. Decedent died on February 26, 2005, as a result of his injuries.
7. Defendants do not dispute this claim and have accepted this claim as compensable.
8. Sharon Reynolds has received weekly disability benefits from March 5, 2005 through the date of the Deputy Commissioner's hearing and continuing. In addition, Sharon Reynolds has been paid a lump sum burial expense benefit of $3,500.00.
9. Decedent received temporary total disability benefits in the amount of $209.68 *Page 3 
per week from January 8, 2005 through March 4, 2005.
10. The following items were stipulated into evidence at the hearing before the Deputy Commissioner:
 a. The Pre-Trial Agreement marked as stipulated exhibit 1.
 b. A folder marked as stipulated exhibit 2 containing Industrial Commission Forms and Social Security documents as well as birth, marriage, and death certificates.
 c. Five pages marked as stipulated exhibit 3 entitled "Check Listing," detailing benefits paid to Sharon Reynolds and some medical payments.
11. The issues before the Full Commission are whether Jeffrey Lee Reynolds and Sara Louise Roberts, the minor grandchildren of decedent, are entitled to recover pursuant to N.C. Gen. Stat. § 97-38, and whether Sharon Reynolds was unable to support herself as of the date of decedent's death and is therefore entitled to receive benefits subsequent to the 400-week period during her lifetime or until remarriage, pursuant to N.C. Gen. Stat. § 97-38(3).
 **********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On January 7, 2005, decedent experienced a workplace injury when he was burned in a chemical explosion. On February 26, 2005, decedent died as a result of his injuries. Decedent's claim was accepted as compensable by defendants.
2. At the time of his death, decedent was survived by his wife, Sharon Reynolds, to whom he was married on December 10, 1964. Sharon Reynolds and decedent remained married *Page 4 
and were living together as husband and wife on the dates of decedent's injury and death. Decedent and Sharon Reynolds had four children, all of whom were adults at the time of decedent's death. Melanie Reynolds, one of the adult children of decedent and Sharon Reynolds, is the mother of the minor grandchildren, Jeffrey Lee Reynolds, born on December 2, 1988, and Sara Louise Roberts, born on July 2, 1993.
3. Both Jeffrey Lee Reynolds and Sara Louise Roberts lived with decedent and Sharon Reynolds almost all their life and were under age 18 and living in their household at the time of decedent's injury and death. Decedent and Sharon Reynolds had a verbal agreement with Melanie Reynolds that they would take care of Jeffrey Lee Reynolds and Sara Louise Roberts; however, they did not have a formal court order granting them custody or guardianship over the grandchildren. Melanie Reynolds lived in another county with three other children born to her after both minor plaintiffs. Melanie Reynolds occasionally bought clothing for the minor plaintiffs and contributed money toward their support, but did not do so on a regular basis. Melanie Reynolds occasionally stayed at her parents' home and sometimes Sara Louise Roberts spent a couple of nights with Melanie Reynolds at her home. The minor plaintiffs' father provided no support.
4. Sharon Reynolds last worked outside the home approximately ten years ago. She has hypertension, COPD and breathing problems, fibromyalgia, arthritis, anxiety and depression. Sharon Reynolds requires oxygen four hours per day and eight hours per night. In September 1995, she was awarded Social Security Disability Supplemental Security Income (SSI) and is on Medicaid. In the year prior to decedent's death, Sharon Reynolds received $530.00 per month in SSI benefits.
5. Dr. John J. Kelly testified that due to "her multiple medical and mental health *Page 5 
conditions," Sharon Reynolds was not capable of performing work in any type of employment as of the date of decedent's death. Further, Sharon Reynolds is not a candidate for rehabilitative services because of her numerous physical and mental conditions.The Full Commission finds that Sharon Reynolds was unable to support herself because of physical and mental disabilities as of the date of decedent's death.
6. Since 2000 Sharon Reynolds has received for the benefit of the two grandchildren food stamps in the amount of an average of $319.75 per month in 2003 and $294.42 per month in 2004. Sharon Reynolds also received $236.00 per month from Work First for both grandchildren. Melanie Reynolds provided financial support for her children when she could, by buying clothes and taking the children out to eat. In addition, when she was working, $50.00 was taken out of each paycheck and paid to Work First for child support payments. Decedent and Sharon Reynolds' other children, Deborah and Steve, also helped by providing birthday presents, Christmas gifts, and taking the grandchildren on outings.
7. Decedent's Social Security Earnings Statement dated April 5, 2004 shows that he reported his 2003 earnings as $7,758.00. The Form 22 from defendant-employer shows that decedent worked for defendant-employer from July 26, 2004 to August 13, 2004 and from October 11, 2004 to January 17, 2005, and earned $4,627.00, which is the same amount he reported on his 2004 tax return. In addition to work for defendant-employer, plaintiff also performed irregular work as a handyman doing odd jobs.
9. Jeffrey Lee Reynolds was 17 years old at the time of the injury and death of decedent. He worked "quite a bit" with decedent, helping him perform odd jobs, and used his earnings to buy a car. However, none of the money he earned was used to support him or the family. *Page 6 
10. Sara Louise Roberts was 11 years old at the time of both the accidental injury and death of decedent. She did not contribute earnings to support the family.
11. The greater weight of the evidence of record shows that the total monthly income for decedent's family in 2004 was $1,438.00, of which decedent's monthly wages from defendant-employer were approximately $385.58, or 27% of the total household income. Government assistance (SSI benefits, Work First payments and Food Stamps) provided the remainder of the grandchildren's support. Therefore, the minor grandchildren were partially but not wholly dependent for support upon the earnings of decedent at the time of his accident and death.
 **********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On January 7, 2005, decedent sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer, which proximately resulted in his death on February 26, 2005. N.C. Gen. Stat. § 97-2(6).
2. Persons wholly dependent on the earnings of decedent at the time of the accident shall be entitled to receive the entire compensation, payable share and share alike, to the exclusion of all other persons. N.C. Gen. Stat. § 97-38(1). A widow, widower, and/or a child shall be conclusively presumed to be a dependent of decedent and wholly dependent on decedent for support. Where a question as to dependency arises, in whole or in part shall be determined in accordance with the facts at the time of the accident. N.C. Gen. Stat. § 97-39.
3. Sharon Reynolds is the widow of decedent and is therefore conclusively *Page 7 
presumed to be wholly dependent upon decedent at the time of his accident and death. N.C. Gen. Stat. §§ 97-38(1); 97-39.
4. N.C. Gen. Stat. § 97-2(12) defines "child" to include a child born after decedent's death, a child legally adopted prior to decedent's injury, and a stepchild or acknowledged illegitimate child dependent on decedent. "Grandchild" is a child of a child, as previously defined. In the case at bar, Jeffrey Lee Reynolds and Sara Louise Roberts are the minor grandchildren of decedent. Jeffrey Lee Reynolds and Sara Louise Roberts are not conclusively presumed to be dependent on decedent for support. N.C. Gen. Stat. §§ 97-2(12), 97-38, 97-39.
5. Although the grandchildren are not entitled to the presumption of dependency under N.C. Gen. Stat. § 97-39, they may be entitled to share in the death benefits if they are legally or factually wholly dependent upon the decedent. See, Winstead v. Derreberry, 73 N.C. App. 35,326 S.E.2d 66 (1985). The grandchildren were not legally dependent upon decedent since he did not adopt his grandchildren as his children, nor did he have a formal court order granting him or Sharon Reynolds legal custody or guardianship. Therefore, decedent had no legal obligation to support the grandchildren.
6. The greater weight of the evidence shows that the grandchildren were factually partially dependent upon decedent. Decedent contributed approximately 27% of the grandchildren's support during the year before his death. However, although the grandchildren were partially dependent upon decedent for support, decedent's widow Sharon Reynolds was wholly dependent upon decedent for support and therefore takes to the exclusion of all others not wholly dependent. N.C. Gen. Stat. § 97-38(1). Therefore, the minor grandchildren Jeffrey Lee Reynolds and Sara Louise Roberts are not entitled to death benefits under the Act. Id.
7. Sharon Reynolds was unable to support herself pursuant to N.C. Gen. Stat. § 97- *Page 8 
38(3) as of the date of decedent's death, due to numerous physical and mental conditions. N.C. Gen. Stat. § 97-38; Hedrick v. SouthlandCorp., 41 N.C. App. 431, 255 S.E.2d 198 (1979).
8. As a result of her inability to support herself as of the date of decedent's death, Sharon Reynolds is entitled to death benefits at the rate of $209.68 per week commencing February 26, 2005 and continuing for 400 weeks, and then during her lifetime or until remarriage. N.C. Gen. Stat. § 97-38; Hedrick v. Southland Corp., supra.
9. Plaintiff Sharon Reynolds is entitled to payment of all medical expenses incurred for the treatment of decedent's injuries sustained as a result of the compensable injury by accident. N.C. Gen. Stat. § 97-25.
 **********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, defendants shall pay Sharon Reynolds death benefits at the rate of $209.68 per week commencing February 26, 2005 and continuing for 400 weeks, and then continuing for the remainder of Sharon Reynolds' life or until her remarriage. Any benefits that have accrued shall be paid in a lump sum.
2. Defendants shall pay for all medical expenses incurred by decedent as a result of the compensable injury by accident.
3. A reasonable attorney's fee in the amount of 25% of the compensation awarded to Sharon Reynolds is approved and allowed for attorney Peterson and shall be paid as follows: 25% of any lump sum due Sharon Reynolds shall be deducted and paid directly to attorney Peterson. Thereafter, defendants shall forward every fourth compensation check due to Sharon *Page 9 
Reynolds directly to attorney Peterson.
4. Upon submission of a statement for legal services rendered to the minor plaintiffs as their guardian ad litem, the Commission will award an attorney's fee to Ms. Root, to be paid by defendants. Said statement of legal services rendered shall be submitted to Commissioner Mavretic.
5. Defendants shall pay the costs.
This 22nd day of June, 2007.
S/____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING
 S/____________________ CHRISTOPHER SCOTT COMMISSIONER
 S/____________________ PAMELA T. YOUNG COMMISSIONER *Page 1